REBECCA PRESTON ET AL. *v.* ANTHONY J. KEITH ET AL.
(7941)

DALY, NORCOTT and FOTI, Js.

Argued December 12, 1989—decision released February 13, 1990

*Terence S. Hawkins,* with whom, on the brief, was *Philip M. Schulz,* for the appellants (plaintiffs).

*William J. Melley III,* for the appellees (defendants).

NORCOTT, J. The named plaintiff, Rebecca Preston, sued the defendants for personal injuries incurred as a result of an automobile accident allegedly caused by the defendant Anthony Keith's negligence.[1] The jury found that the plaintiff was 50 percent contributorily negligent and returned a verdict in favor of the plain-

---

[1] The plaintiff Richard Preston advanced a claim for loss of consortium for which the jury did not award him any damages. William J. Keith, Sr., the father of Anthony J. Keith, was sued under the auspices of the so-called "family car doctrine." For purposes of this opinion, we will refer to Rebecca Preston and Anthony J. Keith as the plaintiff and the defendant respectively.

tiff in the amount of $5593.50. Thereafter, the plaintiff made motions for additur, to set aside the verdict and for a new trial. The trial court denied all of the plaintiff's motions and this appeal ensued.

On appeal, the plaintiff claims that the trial court erred (1) in instructing the jury on the issue of the plaintiff's failure to mitigate damages where the evidence did not support such an instruction, and (2) if the evidence did warrant such a charge, in giving a fatally defective charge as to that issue. We find error in part.

The plaintiff first argues that the trial court erred in instructing the jury on the issue of failure to mitigate damages because there was insufficient evidence on that issue. We disagree.[2]

The jury could reasonably have found the following facts. The plaintiff, a thirty-seven year old woman, had been a bus driver for Clark's Transportation since 1980. In 1982, she was first involved in a motor vehicle accident as she was operating a school bus. She suffered no serious physical injury as a result of that accident

---

[2] The defendant argues that we need not review this claim because the plaintiff has provided an insufficient record for review pursuant to Practice Book § 4061. See *McLaughlin* v. *Bronson*, 206 Conn. 267, 276, 537 A.2d 1004 (1988). We do not agree. At the close of the trial, plaintiff moved that the court set aside the jury verdict on the basis of the same allegedly erroneous instruction. The trial court denied the motion without comment.

The defendant argues that it was the plaintiff's duty to seek articulation pursuant to Practice Book § 4051. It is clear, however, from a review of the plaintiff's motion and the defendant's objection thereto that the court refused to accept the plaintiff's position that the instruction was "contrary to the law and the evidence" and that "there was no evidence supporting" the charge. Thus, the only question before the court pursuant to this motion was whether the instruction was legally accurate and whether the evidence supported its submission to the jury. The record before us shows us that those claims of error were clearly presented to and addressed by the trial court and were preserved for appeal. No written memorandum regarding the denial of the plaintiff's motion for articulation was necessary. The defendant's argument, therefore, has no merit.

and received minimal medical attention. On February 7, 1985, she was involved in another motor vehicle accident, which resulted in a lower back sprain. The plaintiff was treated by an orthopedic surgeon, Christopher Glenney, who referred her to Frank N. Maroski, a physical therapist, for general muscle therapy for her back. Glenney's concern as to "the best course to take" with the plaintiff was to get her "into a program where she was exercised and where she improved her general physical fitness, where she improved the muscle strength and the mobility of her spine and her lower extremities . . . ." By early May, 1985, Glenney considered her capable of returning to work on a trial basis.

The accident that is the subject of the present appeal occurred on May 15, 1985, when the plaintiff's school bus and the defendant's car collided. Glenney diagnosed a reinjury of the plaintiff's lower back. The plaintiff, again, stayed out of work and returned to physical therapy three times per week.

The evidence adduced at trial clearly showed that the plaintiff's recommended physical therapy included a regimen of exercises, as well as attendance at lectures regarding proper postural mechanics. The record also reflects that the jury had before it abundant evidence from which it could have concluded that the plaintiff did not fully follow her therapist's directions.[3] Furthermore, in response to questions regarding the recommended extent of her physical therapy, the plaintiff, at one point, agreed that she was not completely complying with the therapist's recommendations, and, at another, she could not recall instances of her noncom-

[3] The jury heard evidence, for example, which the plaintiff either denied or failed to recall, concerning her shooting basketballs some one and one-half months after the May 15 accident and easily pulling a child from a swimming pool in the summer of 1985 during the period in which she was homebound in rehabilitation.

pliance with the therapist's recommended treatment.[4] "It is the province of the jury to determine the credibility of the witnesses and the weight to be accorded their testimony. *Kubeck* v. *Foremost Foods Co.,* 179 Conn. 486, 487, 427 A.2d 391 (1980)." *Trzcinski* v. *Richey,* 190 Conn. 285, 298, 460 A.2d 1269 (1983). We conclude that the evidence in this record was sufficient to warrant the trial court's decision to instruct the jury on the plaintiff's failure to mitigate damages.

The plaintiff next argues that even if there was sufficient evidence to warrant the challenged instruction, the instruction as given by the trial court was fatally defective and constitutes reversible error. The essence of the plaintiff's claim is that the court erred in failing to address "proximate cause" and the allocation of proof in its charge on the failure to mitigate damages. We agree.

We first note that the defendant urges us to decline review of this claim because of the plaintiff's failure to preserve it at trial.[5] The defendant correctly points out that the plaintiff's exception to the charge at trial

---

[4] At trial the following ensued during the cross-examination of the plaintiff:

"Q. Are you following a physical therapist's instructions with regard to exercises that you should do for your back?

"A. I'm just doing the sit-ups.

"Q. Just the sit-ups. Isn't it true that the physical therapist has suggested that you do much more than just sit-ups four times a week?

"A. Yes. He said—adjusted that.

"Q. Isn't it true that the physical therapist suggested that on several occasions? Many occasions.

"A. I don't recall.

"Q. You don't recall.

"A. No.

"Q. Isn't it true that the physical therapist first started making suggestions about doing exercises before the May accident?

"A. I don't remember."

[5] The defendant also contends that the general verdict rule precludes appellate review of the trial court's charge to the jury in this case. That rule provides that if a jury renders a general verdict for one party, and

addressed only the alleged lack of evidence to support an instruction on the failure to mitigate damages.[6] The defendant contends that the claim regarding the form of the instruction was not raised at trial and is therefore unreviewable. We disagree.

Although ambiguous or unarticulated exceptions are insufficient to preserve a claim on appeal; see *Swenson* v. *Sawoska,* 18 Conn. App. 597, 600, 559 A.2d 1153, cert. granted, 212 Conn. 810, 564 A.2d 1073 (1989); we find that the plaintiff's failure to except specifically to the form of the instruction as a part of her general exception to the charge on the failure to mitigate damages is not fatal to her claim for appellate review. Because of the nature of the error claimed here, the erroneous instruction on the burden of proof, we review this claim under the so-called "plain error" provisions of Practice Book § 4185.[7]

It is well settled that one who is injured by the negligence of another must use reasonable care " 'to promote recovery and prevent any aggravation or increase of the injuries.' " *Sette* v. *Dakis,* 133 Conn. 55, 60, 48 A.2d 271 (1946). " 'When there are facts in evidence that indicate that a plaintiff may have failed to promote his recovery and do what a reasonably prudent person would be expected to do under the same circumstances,

no party has requested interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. We find this argument to be wholly inapplicable here and to require no discussion.

[6] The plaintiff's exception to the trial court's instruction on the mitigation of damages was as follows: "I would also take exception to the court's charge on failure to mitigate, inasmuch as there was no medical evidence with respect to any failure to mitigate and any effect it may have had on the plaintiff's well-being."

[7] Practice Book § 4185 provides in pertinent part: "The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interests of justice notice plain error not brought to the attention of the trial court."

the court, when requested to do so, is obliged to charge on the duty to mitigate damages.' *Jancura* v. *Szwed,* 176 Conn. 285, 288, 407 A.2d 961 (1978); see also *Geer* v. *First National Supermarkets, Inc.,* 5 Conn. App. 175, 178, 497 A.2d 999 (1985)." *Futterleib* v. *Mr. Happy's, Inc.,* 16 Conn. App. 497, 501, 548 A.2d 728 (1988). "[W]hen a prima facie case [has] been made out . . . it becomes incumbent upon the defendant if he seeks to exonerate himself from responsibility for a portion of the consequences to show that some of these had their proximate cause in the failure of the plaintiff to act in good faith in an attempt to promote recovery and avoid aggravation of the initial injury." *Morro* v. *Brockett,* 109 Conn. 87, 94, 145 A. 659 (1929).

In reviewing a challenge to jury instructions, we must examine the charge in its entirety. We do not require that the instructions "be exhaustive, perfect or technically accurate," as long as they are "correct in law, adapted to the issues and sufficient for the guidance of the jury." *Castaldo* v. *D'Eramo,* 140 Conn. 88, 94, 98 A.2d 664 (1953). Against these standards, the jury instructions in the present case must fail.

An examination of the trial court's instruction in this case reveals that the court made no mention of proximate cause, but rather, spoke only in general terms regarding the plaintiff's duty to mitigate damages.[8] Our review of these instructions leads us to conclude that

[8] The pertinent part of the trial court's instruction regarding the duty to mitigate damages is as follows: "She also has a duty to mitigate damages as best she can in order to promote her recovery and prevent any increase of injuries. She must act as a reasonable person would be expected to act. This means she must follow doctors' advice and so on to get the best recovery she can. To the extent that she fails to do that, that means she fails to mitigate damages. If you find that in fact, she did, then you should reduce any award you might give her to such a sum as you think measures the amounts which her damages have been increased by her failure and her duty to mitigate damages and do her best to get better. Now, that's if you find that there is any such activity on the part of the defendant."

the jury was left without the direction that the plaintiff's failure to follow her doctor's prescribed course of rehabilitative therapy must be found to have been the proximate cause of a part of the injuries or of the aggravation of the injuries allegedly caused by the defendant.

Even if we were to conclude, however, that the court's instructions were sufficient with respect to the issue of proximate cause, we find that they must fail as to the burden of proof. The plaintiff argues that the trial court erred in failing to instruct the jury that the defendant bore the burden of proving the plaintiff's failure to mitigate damages. We agree. In fact, while discussing mitigation of damages, the trial court made no mention whatsoever of the burden of proof. Our review of the record reveals that the court, in its preliminary charge to the jury, stated that "the plaintiff has the burden of proof in the case. The defendant does not have to disprove the plaintiff's case," and "only if you find the defendant was negligent do you then consider the special defense. And that's the one thing that the defendant has the burden of proving."[9]

Connecticut courts have yet to address specifically whether the plaintiff or the defendant bears the burden of proving the plaintiff's failure to mitigate damages in a negligence case.[10] The majority rule, however, is that although the defendant need not specially plead it, the defendant "must bring forward evidence that

[9] The only special defense in the present case concerned the plaintiff's contributory negligence in causing the accident.

[10] The closest relevant Connecticut case is *Wassell* v. *Hamblin,* 196 Conn. 463, 493 A.2d 870 (1985). In *Wassell,* a motor vehicle tort action, the defendant specially pleaded that the plaintiffs' failure to wear seat belts caused some or all of their damages. The Supreme Court ordered a new trial on damages because there was no evidence that the plaintiffs' nonuse of seat belts contributed to their injuries and that it was error to submit that issue to the jury. The court also noted that, under the circumstances of that case, the defendant "had the burden of proof on the issue so raised by him, and this required that he prove that the damages, or at least a portion of them, were proximately caused by the nonuse of the seat belts . . . ." Id., 469.

the plaintiff could reasonably have reduced his loss or avoided injurious consequences, and he must finally convince the jury of this in order to succeed on this issue." C. McCormick, Handbook on the Law of Damages (1935) § 34, p. 130; see also *Michaud* v. *Steckino,* 390 A.2d 524, 531 (Me. 1978); *Potomac Electric* v. *Smith,* 79 Md. App. 591, 614, 558 A.2d 768 (1989); *McClelland* v. *Climax Hosiery Mills,* 252 N.Y. 347, 351, 169 N.E. 605 (1930); 2 M. Minzer, Damages in Tort Actions (1989) §§ 16.10, 16.11.

It is axiomatic that the initial burden of proving and establishing that the defendant's negligence was the proximate cause of claimed injuries lies with the plaintiff. See *Wu* v. *Fairfield,* 204 Conn. 435, 438, 528 A.2d 364 (1987). We concur, however, with the leading treatises and aforementioned jurisdictions and believe that the most prudent course to follow is to hold that "[t]he burden of proving that the victim of tortious conduct failed to minimize damages rests with the wrongdoer. To prevail, the wrongdoer must show that the injured party failed to take reasonable action to lessen the damages; that the damages were in fact enhanced by such failure; and that the damages which could have been avoided can be measured with reasonable certainty . . . ." 2 M. Minzer, supra, § 16.10, p. 16–18.[11]

There is error in part, the judgment is set aside only as to the amount of damages awarded and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.

[11] The error here lies only with the trial court's instruction on mitigation of damages, an issue considered by the jury only after they had determined that liability did in fact exist. Because the issues of damages and liability in this case are so separate and distinct, we order limited remand. Cf. *Fazio* v. *Brown,* 209 Conn. 450, 454–58, 551 A.2d 1227 (1988) (where jury's verdict may have reflected a misunderstanding, and hence an ambiguity, as to liability); *Niles* v. *Evitts,* 16 Conn. App. 696, 698–700, 548 A.2d 1352 (1988) (where error in trial court's charge to jury related directly to issues of comparative negligence and liability).