[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
IN RE: MOTION TO STRIKE #122
A motion to strike is properly used to contest "the legal sufficiency of any answer including any special defense contained therein." Practice Book 152(5); see Gurliacci v. Mayer, 218 Conn. 531, 546, 590 A.2d 914 (1991). When considering a motion to strike, the court must construe the pleading favorably to the non-moving party. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The plaintiffs contend that failure to mitigate damages is not a valid special defense to a negligence action. The plaintiffs argue that the defendants should merely deny the allegation of negligence and should raise at trial any evidence of failure to mitigate.
"No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show notwithstanding, that he has no cause of action, must be specially alleged." Practice Book 164. The language of Practice Book 104 (now 164) is permissive, not mandatory. Glover v. Sheldon, 14 Conn. Sup. 271, 272
(Super. Ct. 1946). Furthermore, it is proper to allege facts in a special defense whenever they explain the general denials and apprise the plaintiff of all the issues involved in the case. Wilmot v. McPadden, 78 Conn. 276, 281-82, 61 A. 1069 (1905). The defendants' second special defense put the plaintiffs on notice that failure to mitigate will be an issue at trial. In addition, the defendants allege facts not raised in the plaintiffs' complaint regarding Edward Barfield's actions regarding his prior hip injury. "A party still has the right to plead his case in his own way unless he runs counter to some rule of pleading. Freeman's Appeal, 71 Conn., [sic] 708 [714, 43 A. 185 (1899)]." First Nat'l. Bank v. Blakeslee, 4 Conn. Sup. 354
(Super Ct. 1936). CT Page 8344
The defendant is not specifically required to plead the failure to mitigate damages. Preston v. Keith, 20 Conn. App. 656,663-64, 570 A.2d 214 (1990). "The majority rule . . . is that although the defendant need not specially plead it, the defendant `must bring forward evidence that the plaintiff could reasonably have reduced his loss or avoided injurious consequences, and he must finally convince the jury of this in order to succeed on this issue.'" Id. Therefore, the defendant has the option of pleading failure to mitigate as a special defense. Moreover, the supreme court has likened the failure to mitigate to the defense of failure to wear a seat belt, which must be pleaded as a special defense. Preston v. Keith,217 Conn. 12, 20-21 n. 9, 584 A.2d 439 (1991), citing Wassell v. Hamblin, 296 Conn. 463, 467, 493 A.2d 791 (1980). Thus, the defendants had the option of raising the failure to mitigate as a special defense and the plaintiffs' motion to strike the defendants' second revised special defense is denied.
/s/ Sylvester SYLVESTER, J.