[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
In this case, the plaintiff obtained a jury verdict in the amount of $60,000. The plaintiff now moves to set the verdict aside, claiming a number of errors in law.
The principle error claimed is that the court failed to charge the jury with respect to the burden of proof allocable on the duty to mitigate damages. It was the defendant's claim that the plaintiff failed to mitigate damages by neglecting to undergo certain surgical procedures.
Interestingly, both parties rely on the case of Preston, etal v. Keith, et al, which was first heard in the Appellate Court, 20 Conn. App. 656, and, on certification, in the Supreme Court, 217 Conn. 12.
The defendant has filed a supplemental memorandum in opposition to the plaintiff's motion to set aside the verdict. It is admitted that this court failed to charge on the burden of proof respecting the allocation of such burden on the issue of mitigation of damages. With respect to such omission, both the Appellate and Supreme Courts explicitly held that the trial courts failure to so charge was error. See Preston v. Keith,20 Conn. App. 656, at pg. 663, 664; 217 Conn. 12, at pgs. 19, 20, which affirmed the Conn. App. court on this precise issue.
The defendant, in her memorandum, ingeniously attempts to distinguish this case from the Preston holdings, supra, by arguing that although this court "did not specifically state `the defendant has the burden of proof as to the issue of mitigation of damages,'" "it did not go so far as to preclude CT Page 7274 the jury from considering the defendant as having the burden of proving failure to mitigate." Ingenious though this argument might be, it does not meet the requirement of the Preston cases, supra, which hold that the court must expressly charge the jury that the defendant has the burden of proof with respect to mitigation of damages, not leave it up to the jury to consider which party might have such burden of proof.
The verdict is ordered set aside and a new trial ordered as to the issue of damages only.
BELINKIE, J. STATE TRIAL REFEREE