JOSEPH L. LYNCH ET AL. *v.* GRANBY
HOLDINGS, INC., ET AL.

GRANBY HOLDINGS, INC. *v.* DANIEL L. LYNCH
(11222)

O'CONNELL, LANDAU and FREEDMAN, Js.

Submitted September 23, 1994—decision released May 16, 1995

*Timothy Brignole,* for the appellant-appellee (Daniel L. Lynch, plaintiff in the first case, defendant in the second case).

*Eliot B. Gersten,* with whom, on the brief, was *Andrea A. Hewitt,* for the appellee-appellant (named defendant in the first case, plaintiff in the second case).

LANDAU, J. This matter is currently before us on remand from our Supreme Court. *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 99, 644 A.2d 325 (1994). This appeal and cross appeal arise out of two actions, consolidated at the trial level, concerning a lease agreement between the parties. In the first action, the tenant, Daniel L. Lynch, doing business as Lynch Associates, and his subtenants, Joseph Lynch and Joan Lynch, doing business as The Sun Capsule, filed a four count complaint charging the lessor, Granby Holdings, Inc. (Granby Holdings), with breach of lease, breach of an oral agreement and negligent misrepresentation.[1] In the second action, Granby Holdings sued Daniel Lynch to recover unpaid rent. A jury returned verdicts in favor of Joseph Lynch and Joan Lynch in the first action on their claims of breach of an oral agreement and negligent misrepresentation. The jury also found in favor of Daniel Lynch on his claim of breach of lease, but awarded him zero damages. In the second action, the jury found Daniel Lynch liable for unpaid rent. The trial court rendered judgments in accordance with the jury verdicts.

Daniel Lynch appealed from the judgment in both actions, claiming that the trial court improperly (1) charged the jury on the doctrine of mitigation of damages in the first action, resulting in a verdict in his favor with an award of zero damages, (2) charged the jury on the amount of damages that he claimed in his action against Granby Holdings, (3) failed to charge the jury on how his defenses in Granby Holdings' action against him affected damages, (4) refused to admit evidence of Granby Holdings' failure to obtain a certificate of occupancy in the first action to show a pattern of dealing between Granby Holdings and the town of

[1] The complaint in the first action also included a count in which Joseph Lynch and Joan Lynch charged S. Michael Lassman with breach of contract and negligence. The jury's verdict on that count, in favor of the Lynches, is not at issue in this appeal.

Granby, and (5) refused to admit evidence of Granby Holdings' failure to obtain a certificate of occupancy as a defense to Granby Holdings' action against him. Granby Holdings filed a cross appeal from the judgment for Joseph Lynch and Joan Lynch in the first action. It claimed that the trial court improperly (1) admitted evidence of settlement negotiations and compromise discussions, and (2) denied its motion for a directed verdict.

When this matter was first before us, we did not directly address Daniel Lynch's first claim, but reversed the judgment of the trial court on the ground that the jury's verdict in favor of him with an award of zero damages was improper. *Lynch* v. *Granby Holdings, Inc.*, 32 Conn. App. 574, 578–79, 630 A.2d 609 (1993), rev'd, 230 Conn. 95, 644 A.2d 325 (1994). Upon the granting of certification, the Supreme Court reversed our judgment and remanded the case with direction to consider Daniel Lynch's first claim and any other issues that were properly raised on appeal.[2] *Lynch* v. *Granby Holdings, Inc.*, supra, 230 Conn. 99.

The following facts are relevant to our disposition of this appeal. Daniel Lynch (Lynch) and Granby Holdings entered into a written agreement whereby Lynch would lease 2500 square feet of space in a shopping plaza owned by Granby Holdings. The lease provided Lynch with the option of subletting all or any part of the premises, subject to certain restrictions and agreements. Lynch subsequently sublet half of the space to his parents, Joseph and Joan Lynch, doing business as The Sun Capsule (hereafter Sun Capsule), for the establishment of a suntanning business.

---

[2] We do not address Daniel Lynch's other claims or Granby Holdings' claims on cross appeal because we have decided them previously. See *Lynch* v. *Granby Holdings, Inc.*, supra, 32 Conn. App. 574.

After entering into the sublease, Sun Capsule contracted to have a sign made for its business. A representative of Granby Holdings had no objection upon being shown where the sign would be located. Once the sign was placed on the building, the town of Granby notified Sun Capsule that the sign would have to be removed because its size caused the total sign area for the building to violate town regulations. The sign was removed and the parties discussed alternatives to the placement of the sign for Sun Capsule. No alternative proved acceptable.

At trial, the parties disputed whether Granby Holdings had failed to provide space for a commercial sign for Sun Capsule. Sun Capsule introduced testimony of discussions between the parties regarding the various alternatives considered to cure the problem of the placement of the sign. Granby Holdings objected to this evidence, claiming that it was evidence of alleged settlement negotiations and compromise discussions. The trial court admitted the testimony over the objection, cautioning that the evidence was being offered only to show that discussions to correct the problem had taken place, not to show that Granby Holdings took responsibility for the sign problem. During the course of the trial, Granby Holdings did not call any witnesses, but rather relied solely on its cross-examination of the plaintiffs' witnesses. This cross-examination established that several options were available to the plaintiffs regarding the placement of the sign. Also, Lynch testified that he never seriously considered any of the solutions available and instead relied solely on the efforts of Granby Holdings to remedy the situation.

Lynch claims that the trial court improperly instructed the jury on the doctrine of mitigation of damages. Specifically, he argues that the court failed to

instruct the jury as to which party had the burden of proof with respect to mitigation of damages.[3]

"In reviewing a challenge to jury instructions, we must examine the charge in its entirety.' *Felsted* v. *Kimberly Auto Services, Inc.*, 25 Conn. App. 665, 668, 596 A.2d 14, cert. denied, 220 Conn. 922, 597 A.2d 342 (1991). While the instructions need not be exhaustive, perfect or technically accurate, they must be correct in law, adapted to the issues and sufficient for the guidance of the jury. . . . Id., quoting *Preston* v. *Keith*, 217 Conn. 12, 17, 584 A.2d 439 (1991)." (Internal quotation marks omitted.) *Geren* v. *Board of Education*, 36 Conn. App. 282, 287, 650 A.2d 616 (1994); cert. denied, 232 Conn. 907, 653 A.2d 194 (1995).

In a breach of contract action, the defendant bears the burden of proving that the plaintiff failed to exercise reasonable care to mitigate damages. *Preston* v. *Keith*, 217 Conn. 12, 20–21 n.9, 584 A.2d 439 (1991); *Newington* v. *General Sanitation Service Co.*, 196 Conn. 81, 86, 491 A.2d 363 (1985). In *Preston* v. *Keith*, 20 Conn. App. 656, 570 A.2d 214 (1990), rev'd in part on other grounds, 217 Conn. 12, 584 A.2d 439 (1991), we held that, because the trial court failed to instruct the jury as to which party bore the burden of proof on the issue of mitigation of damages, the charge was defective and a new trial on the issue of damages was required.[4]

Although *Preston* was a negligence action, we conclude that its law is applicable in this contract action.

---

[3] Lynch also asserts that the trial court improperly instructed the jury on the factors to be considered concerning the reasonableness of efforts to mitigate. Because we find his first argument persuasive, we need not address this claim.

[4] The Supreme Court held that this result was consistent with the decision in *Lane* v. *Smith*, 71 Conn. 65, 71, 41 A. 18 (1898), where a new trial was required because the trial court committed plain error when it failed to instruct the jury on which party bore the burden of proof on the amount of damages. *Preston* v. *Keith*, supra, 217 Conn. 23 n.12.

In *Preston*, we held that the rule in contract actions placing the burden of proving mitigation of damages on the defendant also applies in negligence actions. *Preston* v. *Keith*, supra, 20 Conn. App. 663–64. The Supreme Court agreed, finding that the rationale for the rule pertains to both contract and negligence cases. *Preston* v. *Keith*, supra, 217 Conn. 20. That is, "[a] defendant claiming that the plaintiff has failed to mitigate damages ' "seeks to be benefited by a particular matter of fact, and he should, therefore, prove the matter alleged by him. The rule requires him to prove an affirmative fact, whereas the opposite rule would call upon the plaintiff to prove a negative, and therefore the proof should come from the defendant. He is the wrongdoer, and presumptions between him and the person wronged should be made in favor of the latter. For this reason, therefore, the onus must in all such cases be upon the defendant." ' 1 T. Sedgwick, Damages (9th Ed. 1912) § 227, p. 448." Id., 22. Because both the rule regarding who bears the burden of proving mitigation of damages and the rationale for the rule are the same in contract and negligence actions, the result must be the same when the rule is violated.

In this case, the court properly instructed the jury as to the parties' respective general burdens of proof. It stated that "the plaintiff has the burden of proof in this case as to his claims against the defendants . . . . As to the defenses which the defendant . . . has interposed, the defendant has the burden of proof. In other words, the plaintiff has the burden of proof. That is, Joseph Lynch and Daniel Lynch have the burden of proof in their claims against Granby Holdings and Mr. Lassman." The court then went on to discuss each of the five counts involved in the action. Some time later, while addressing the issue of damages as it related to several of the counts, the trial court correctly instructed the jury that Lynch was required to mitigate his dam-

ages.[5] Although it discussed Lynch's duty to mitigate, however, the trial court did not mention that Granby Holdings bore the burden of proof on that issue. We cannot assume that the court's earlier general instruction that Granby Holdings had the burden of proving its defenses alerted the jury to the specific fact that Granby Holdings had the burden of proof on the issue of mitigation of damages.

The judgment is reversed as to the amount of damages awarded in Lynch's breach of lease claim and the case is remanded for a new trial limited to that issue.[6]

In this opinion the other judges concurred.

---

[5] The court instructed: "Now, even if the plaintiff is entitled to damages there is another rule that requires him to mitigate damages. And that rule is: damages are not recoverable for a loss that the injured party could have avoided without undue risk or burden. But the injured party is not precluded from recovery to the extent that he has made reasonable or unsuccessful efforts to avoid loss. So the query here is whether or not, if the plaintiffs are entitled to damages, have they failed to avoid their loss by failing to take efforts which were not undue burdens. And in that regard you can consider the evidence regarding the sharing of the sign. That is, sharing the sign between Daniel Lynch and Joseph Lynch. . . . If Daniel Lynch . . . did not make reasonable efforts to avoid the loss [he is] not entitled to damages for the losses which reasonably might have been avoided."

[6] Our remand, like that in *Preston* v. *Keith,* supra, 20 Conn. App. 664 n.11, is limited because the issues of liability and damages in this case are distinct and the error lies only in the court's charge with respect to mitigation of damages.