[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Union Savings Bank, instituted this proceeding on a promissory note executed by the defendants, which note had been secured by a mortgage. The defendants have admittedly defaulted. The complaint sounds in only one count and alleges that on October 13, 1987, the defendants executed the promissory note in issue to the plaintiff in the amount of $38,000. The plaintiff elected to accelerate the loan and call for the total amount of principal and interest due thereon. Barry has filed an answer and special defense, wherein he averred that the bank "took no steps to protect its collateral" when the City of Danbury brought a foreclosure action for delinquent taxes on the mortgaged property.[1]
The bank has filed a motion to strike the special defense asserting that it is legally, insufficient. It argues that it is not required to take steps to protect collateral used as security for a note and that, in any event, it has properly exercised its right to elect the method by which it chooses to enforce its rights under the note, i.e., an action on the note itself rather than foreclosure.
"A motion to strike is the proper procedural vehicle to challenge the legal sufficiency of any special defense." GatewayBank v. Herman, Superior Court, Judicial District of Danbury at Danbury, Docket No. 315947 (May 15, 1995, Stodolink, J.); Practice Book § 152(5). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73;Bennett v. Automobile Insurance Co. of Hartford, 230 Conn. 795,802; Practice Book § 164.
Although the bank correctly asserts that it is entitled to pursue an action on the note rather than elect to proceed with a foreclosure action, once it has made that election, it has chosen CT Page 2344 to pursue a contract action; Guaranty Bank Trust Co. v.Dowling, 4 Conn. App. 376, 385, cert. denied, 197 Conn. 808 (an action on a note is a contract action); and, accordingly, is subject to all defenses to a contract action. At least one court has stated that failure to mitigate damages is not a defense to a contract action; rather, it is "a fact to be considered in determining the amount of damages to be awarded after liability has been determined." Vincent Longobardi Candid Associates v.LCA, Inc., Superior Court, Housing Session, Judicial District of New Haven at New Haven, Docket No. 9204-5172 (August 4, 1994, Mintz, J.), citing Danpar Associates v. Somersville Mills SalesRoom, Inc., 182 Conn. 444.
Since "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action;" Grant v. Bassman, supra; failure to mitigate damages does not meet the definition of a special defense as it does not address the issue of liability. Consequently, the special defense is improper.
It should be noted that the defendant bears the burden of proving that the plaintiff failed to mitigate its damages. Lynchv. Granby Holdings, Inc., 37 Conn. App. 846, 850. He is arguably entitled to raise the issue of mitigation as it relates to damages once liability has been established. See VincentLongobardi Candid Associates v. LCA, Inc., supra. However, he has not appropriately raised the issue of whether he is entitled to some reduction in the amount of damages for which he may be found liable.
Accordingly, the motion to strike the defendant's special defense is granted.
Moraghan, J.