## LINDA HERRERA *v.* JESSE MADRAK
### (AC 18735)

Spear, Mihalakos and Zarella, Js.

Argued February 28—officially released June 20, 2000

*Jon L. Schoenhorn*, with whom were *Morton N. Katz* and, on the brief, *Jeanne M. Zulick*, for the appellant (plaintiff).

*Dennis F. McCarthy*, for the appellee (defendant).

ZARELLA, J. The plaintiff, Linda Herrera, appeals from the judgment rendered after a jury trial awarding her $5000 in damages. On appeal, the plaintiff claims that the trial court improperly (1) instructed the jury on mitigation of damages when the evidence did not warrant such a charge, (2) failed to instruct the jury on the burden of proof with respect to mitigation of damages and (3) abused its discretion in denying the plaintiff's motion to set aside the verdict and for additur.[1] We reverse in part the judgment of the trial court and remand the case for a new trial on the issue of damages.

The jury reasonably could have found the following facts. The plaintiff was injured in an automobile accident on May 23, 1994. At the time of the accident, the plaintiff was a passenger on a Connecticut Transit bus traveling on a public street in Newington. The defendant, Jessie Madrak,[2] while attempting to make a left turn, drove his truck across the center line and collided with the Connecticut Transit bus. The bus driver estimated that he was traveling at a speed no greater than five miles per hour. There was no testimony offered as to the defendant's rate of speed. The bus was only slightly damaged as a result of the impact.[3]

As a result of the collision, the plaintiff was thrown forward, striking a partition inside the bus with her head and shoulders and the right side of her body. The

[1] Because of our resolution of the second claim, we remand the matter for a new determination of damages, and it therefore is not necessary for us to review the third claim.

[2] The defendant died prior to the trial. The court granted the motion to substitute the administratrix of the defendant's estate, Fatima Lobo, as the party defendant.

[3] Robert Maradino, a body shop foreman for Connecticut Transit, testified that the damages totaled only $120 for both labor and materials. The damage was limited to the right front corner of the bumper.

plaintiff was subsequently taken by ambulance to New Britain General Hospital to be treated for neck, back and shoulder pain. She received treatment and was given painkillers and anti-inflammatory medication.

After three days, the plaintiff returned to work but still suffered from pain. She began treatment with Stephen Beck, a physician, at the Hospital for Special Care in New Britain. The plaintiff continued to see Beck every four to eight weeks for treatment of pain in her arms and legs and for headaches. The plaintiff also attended physical therapy sessions at Beck's request. The plaintiff, however, missed more than twelve scheduled physical therapy sessions over a seven month period for various reasons. Further, she testified that she "tried to make up the missed appointments." Prior to the accident, the plaintiff had been active in sports and other physical activities.

In May, 1995, Beck indicated to the plaintiff that it would be beneficial and worthwhile for her to discontinue physical therapy. At that time, Beck recommended that the plaintiff continue rehabilitation at home. The plaintiff was discharged by Beck with a 4 percent impairment of the cervical spine, a 4 percent impairment of the lumbar spine and a 4 percent impairment due to migraine headaches. In February, 1996, the plaintiff moved to Texas. There was no evidence that she received any treatment for her injuries while she was in Texas. She returned to Connecticut ten months later and resumed treatment with Beck. Additionally, the jury heard testimony from the plaintiff that the pain interfered with her ability to work at her job as a paralegal and adversely affected her ability to participate in athletics.

I

The plaintiff first claims that the trial court improperly instructed the jury on mitigation of damages when

the evidence did not warrant the jury instruction. Prior to addressing this issue, we first consider whether it was properly preserved at trial.

After the court delivered its instruction, the plaintiff took exception by stating, "I preserve my exception on the mitigation of damages charge." This exception, as stated, was insufficient to put the court on notice of the nature of the claimed defect, as the plaintiff did not state any grounds for the exception.[4] It is unclear whether the exception was to the giving of a mitigation of damages instruction, the substance of the instruction or some other defect. The purpose of taking an exception is to alert the court in time to correct the instruction. *Berry* v. *Loiseau,* 223 Conn. 786, 814, 614 A.2d 414 (1992); *Prystash* v. *Best Medium Publishing Co.,* 157 Conn. 507, 512, 254 A.2d 872 (1969). Nor can counsel take an exception that is ambiguous and then, on appeal, explain what was meant by it. *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.,* 245 Conn. 1, 22–23, 717 A.2d 77 (1998); *Berry* v. *Loiseau,* supra, 814–16; *Bevins* v. *Brewer,* 146 Conn. 10, 12–13, 147 A.2d 189 (1958). Nevertheless, in the present case, the court clearly understood that the plaintiff's exception was directed to the giving of any mitigation of damages instruction and not to the substance of the charge itself. The court confirmed its understanding in its memorandum of decision on the plaintiff's posttrial motions: "While plaintiff's counsel objected to *inclusion of the instruction which was previewed* in writing, he did not object to the language, or offer an amendment, either prior to or subsequent to the charge of the jury." (Emphasis added.) We therefore will review this claim.

---

[4] Practice Book § 16-20 provides in relevant part: "Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. . . ."

"Our standard of review is well established. The test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Thus, we must determine whether the charge as a whole presents the case to the jury so that no injustice will be done." (Citation omitted; internal quotation marks omitted.) *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 603, 662 A.2d 753 (1995).

Upon review, however, we disagree with the plaintiff's claim that the trial court should not have instructed the jury on the doctrine of mitigation of damages. There was evidence sufficient to warrant the instruction. The plaintiff had missed more than twelve physical therapy appointments over a seven month period. The decision to include or not to include an instruction to the jury on mitigation of damages depends on whether the instruction is likely to provide helpful guidance to the jury. *Burns* v. *Hanson*, 249 Conn. 809, 832, 734 A.2d 964 (1999). We find no abuse of that discretion by the trial court when it gave the instruction.

II

The plaintiff next claims that the court, having given the mitigation of damages charge, was required to give an additional instruction regarding the burden of proof.

The record reflects that the plaintiff did not submit any specific requests to charge the jury and did not take exception to the lack of a burden of proof instruction. "In *State* v. *Butler*, 207 Conn. 619, 630, 543 A.2d 270 (1988), this court held that where a defendant fails to make a request to charge and does not except to the charge as given or ask for a supplemental charge, we shall not consider such claims on appeal." *State* v. *Ortiz*, 252 Conn. 533, 577, 747 A.2d 487 (2000). "[A] claim of

error in a jury charge may be preserved either by making a specific request to charge or by excepting properly to the charge as given. 'In order properly to preserve for appeal a claimed error in the trial court's charge to the jury, a party must take an exception when the charge is given that distinctly states the objection and the grounds therefor.' " *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, supra, 245 Conn. 23. As previously noted, the court understood that the plaintiff's exception was directed to the inclusion of the mitigation of damages instruction and not to the language of the instruction. In this case, the plaintiff failed to take proper exception to the court's charge as given.

On appeal, however, the plaintiff asks for plain error review of this issue. Practice Book § 60-5 provides in relevant part: "The court may reverse or modify the decision of the trial court if it determines . . . that the decision is otherwise erroneous in law.

"The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ." Plain error is restricted to extraordinary situations where the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. *Thomsen* v. *Aqua Massage International, Inc.*, 51 Conn. App. 201, 208–209, 721 A.2d 137 (1998), cert. denied, 248 Conn. 902, 732 A.2d 178 (1999). This is such a situation.

We have had the opportunity to address this issue on at least two prior occasions in cases factually and procedurally similar to this case. In *Preston* v. *Keith*, 20 Conn. App. 656, 660–61, 570 A.2d 214 (1990), rev'd in part on other grounds, 217 Conn. 12, 584 A.2d 439 (1991), and *Moura* v. *Pulieri*, 40 Conn. App. 183, 187–89,

669 A.2d 1243, cert. denied, 236 Conn. 923, 674 A.2d 1328 (1996), we held that the failure to give an accompanying instruction on the burden of proof with an instruction on mitigation of damages constituted plain error.[5] We see no reason to deviate from the established precedent and, therefore, reverse the judgment of the trial court.

We now consider the relief to be granted to the plaintiff. Although our Supreme Court has allowed a trial court to limit a retrial to a specific issue or issues, it has limited this authority "to situations '[w]here the error as to one issue or issues is separable from the general issues . . . [and] such . . . limitation does not work injustice to the other issues or the case as a whole.' " *Fazio* v. *Brown*, 209 Conn. 450, 455, 551 A.2d 1227 (1988). Our Supreme Court has held further that where the retrial of a single issue may have some affect on the other issues to the prejudice of either of the parties, the court cannot exercise its discretion in limiting the new trial to a single issue, but rather the court should grant a trial de novo. Id. The general rule is that "[t]he decision to retain the jury verdict on the issue of liability and order a rehearing to determine only the issue of damages should never be made unless the court can clearly see that this is the way of doing justice in [a] case. . . . [A]n order restricting the issue [of a new trial] is the exception, not the rule." (Citations omitted; internal quotation marks omitted.) Id.

---

[5] "Although ambiguous or unarticulated exceptions are insufficient to preserve a claim on appeal; see *Swenson* v. *Sawoska*, 18 Conn. App. 597, 600, 559 A.2d 1153, [aff'd, 215 Conn. 148, 575 A.2d 206 (1990)]; we find that the plaintiff's failure to except specifically to the form of the instruction as a part of her general exception to the charge on the failure to mitigate damages is not fatal to her claim for appellate review. Because of the nature of the error claimed here, the erroneous instruction on the burden of proof, we review this claim under the so-called 'plain error' provisions of Practice Book § 4185 [now § 60-5]." *Preston* v. *Keith*, supra, 20 Conn. App. 661. The court further found that the trial court's instruction constituted plain error. Id., 661–63.

Nevertheless, where we have in the past found plain error in the jury instruction on burden of proof as it relates to mitigation of damages, we have reversed the judgment only as to the issue of damages and not on the issue of liability. See *Moura* v. *Pulieri*, supra, 40 Conn. App. 189; *Lynch* v. *Granby Holdings, Inc.*, 37 Conn. App. 846, 850, 658 A.2d 592 (1995), appeal dismissed, 235 Conn. 941, 669 A.2d 578 (1996); *Preston* v. *Keith*, supra, 20 Conn. App. 664.

In the present case, there is no question as to the liability nor is there any contributory negligence on the part of the plaintiff. Our Supreme Court has stated: "[W]here . . . liability is contested and an appellate court is unable to infer whether upon a new trial a jury would find in favor of the defendant or in favor of the plaintiff an appellate court must remand the case for a trial on all issues." (Internal quotation marks omitted.) *Fazio* v. *Brown*, supra, 209 Conn. 456. In this case, because there is no question as to liability, ordering a new trial only as to damages does not work an injustice to either party.

The judgment is reversed as to damages only and the case is remanded for a new trial on that issue.

In this opinion the other judges concurred.