# EDWARD DAIGLE *v.* METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY
## (SC 16435)

Sullivan, C. J., and Borden, Norcott, Katz and Zarella, Js.

Argued June 1—officially released August 7, 2001

*Ronald F. Ochsner*, for the appellant (plaintiff).

*D. Lincoln Woodard*, for the appellee (defendant).

*Opinion*

ZARELLA, J. The sole issue in this certified appeal is whether the Appellate Court properly concluded that the trial court correctly granted the motion in limine of the defendant, Metropolitan Property and Casualty Insurance Company, thereby precluding the plaintiff, Edward Daigle, from introducing certain of his income tax returns into evidence in order to establish his damages claim.

The Appellate Court set forth the following facts and relevant procedural background. "The plaintiff was involved in two separate automobile accidents that occurred on June 5, 1993, and September 16, 1995. Thereafter, he commenced two separate actions against [the defendant], his insurance carrier . . . to recover damages for injuries to his neck and back stemming from the accidents. The first action was brought on an underinsured motorist theory, the second, on an uninsured motorist theory. The defendant admitted that the tortfeasors were negligent, but contested the causal relationship between the accidents and the injuries claimed, as well as their extent, there being evidence that the plaintiff suffered from a preexisting condition and a prior injury that the accidents merely aggravated.

"Because of the identity of the parties and the similarity of the injuries, the actions were consolidated for trial. Liability was conceded by the defendant, and jury verdicts for the plaintiff on the issue of damages were rendered in both cases. The verdict in connection with the 1993 accident, which is the subject of the present appeal, awarded the plaintiff $8000. Of that amount, $6000 was for past economic damages and $2000 was for past noneconomic damages. No award was made

for future noneconomic damages despite evidence from the plaintiff's physician that, following the accidents, he suffered from a permanent partial disability to his back of 14 percent." *Daigle* v. *Metropolitan Property & Casualty Ins. Co.*, 60 Conn. App. 465, 467–68, 760 A.2d 117 (2000).

Prior to trial, the trial court conducted a hearing on the defendant's motion in limine that sought, inter alia, to preclude the plaintiff from introducing any evidence of lost wages or lost future earning capacity. The defendant sought the exclusion of this evidence based on the plaintiff's lack of disclosure of any evidence to support his claim other than the disclosure of his income tax returns.[1] At the hearing on the motion in limine, the

---

[1] The following colloquy occurred during the hearing on the motion in limine on March 10, 1999:

"[D. Lincoln] Woodard [Defense Counsel]: Your Honor, with respect to the lost wages, this case now has been pending since 1995 . . . . There was the standard production sent out responded as to the lost wage information employment records. The response was that that information was to be provided. We did get IRS [Internal Revenue Service] records and authorizations to obtain records. . . . [B]ut there [were] no employment records ever given. When we got to the point of the deposition in August of 1997, I reserved my rights at that time with respect to the lost wages and earning capacity claim. I questioned [the plaintiff] . . . and his response was essentially that he had no records . . . other than the IRS records. There [were] no records to this effect with respect to any lost wages or earning capacity.

"There's a number of other depositions that the plaintiff has given in the past. He said essentially the same thing in each of his two prior claims. He tries to make lost wage claims in those cases. He says he can't work like he used to be able to work, yet he never has any documentation. . . .

"We then get to the next deposition just about a month ago that was really to talk about the 1995 accident and his surgery. He again doesn't have any of these records. He says he subcontracts out all of his work now and he never used to. Now, in the IRS records, there is some evidence of subcontracting in 1996 and there's no evidence of it otherwise except for one year where there's a line item in . . . schedule C [of Internal Revenue Service Form 1040] as to labor cost. However, at a previous deposition, he says he subcontracts work out from his job. So, this is not a new thing.

"The problem that we have is whatever he puts forth we have nothing to contradict it, other than the IRS records. Now, last night, I learned that there are some [Internal Revenue Service 1099 forms] that were generated from 1996 showing subcontracting work. I had never seen those until last

plaintiff did not seek to have his income tax returns entered into the record for identification purposes.[2] The trial court granted the defendant's motion with respect to the exclusion of evidence of lost wages and lost future earning capacity[3] and, thereafter, rendered judgment in accordance with the jury verdict.

The plaintiff appealed from the judgment of the trial court to the Appellate Court, claiming that the trial

night. I've had no opportunity to look at those and I'd ask that those be precluded in any event. Overall, under the standard for lost wages, I think it's very clear that you have to demonstrate that there [are] lost wages and he can't do that. The essence of his claim is really one of earning capacity and there's no basis to allow a jury to make a reasonable estimate for earning capacity claim where his earnings dramatically increase as of 1995, and, in 1996, the[y] are practically tenfold over what they were before. So, that there is absolutely nothing . . . .

"The Court: I tend to agree as far as the lost wages are concerned . . . . I think it's unfair to propose at this time a new theory of lost wages and the theory being that especially there's been no evidence prior to this as to what is going to be claimed for lost wages and how those were to be determined. I think you're ill prepared for it because of this late disclosure. I tend to agree with that. I'm going to give you an opportunity to argue that. . . . Even though there are no lost wages . . . you know what he's earned during the last few years. We have his income tax return and you know that. You know what he's earned.

"Mr. Woodard: Yes.

\* \* \*

"Mr. Woodard: So . . . there . . . is nothing there to afford [the jury] a basis to make an estimate and, if they go back into the jury room and start to try and do this, [the jury is] going to have no guidance to do that at all. And future earnings is something that has got to be somewhat—it's an economic component. There's some guidance to it. Usually there's testimony that supports it.

\* \* \*

"The Court: I think there's insufficient evidence on the lost wages and I'm going to preclude that . . . . So, I'm going to grant the motion in limine."

[2] The transcript of the hearing on the motion in limine reveals that the plaintiff referred to his income tax returns. They were, however, never marked as exhibits for identification. Thus, they are not part of the record on appeal.

[3] In its motion in limine, the defendant also sought to preclude the plaintiff from offering expert testimony and other evidence concerning the plaintiff's treatment for thrombosis, and evidence of the plaintiff's uninsured motorist

court improperly granted the defendant's motion in limine. The Appellate Court rejected the plaintiff's claim, reasoning that "the plaintiff offered [income] tax returns to substantiate the increase in his business expenses, yet the records he sought to introduce also showed an increase in his net income for each year after the accidents. . . . [B]ecause the plaintiff's [income] tax returns showed an *increase* in net income after the accidents, they could not provide a basis for a reasonable estimate by the jury of an alleged *loss* in wages or earning capacity due to his injuries. . . . We therefore conclude that the plaintiff's claim was not substantiated by the evidence he sought to introduce and that the trial court did not abuse its discretion by granting the defendant's motion in limine." (Citations omitted; emphasis in original.) Id., 469–70. This certified appeal followed.[4]

On appeal to this court, the plaintiff claims that the Appellate Court improperly concluded that the trial court properly had granted the defendant's motion in limine. We conclude that, because the plaintiff did not enter into the record for identification purposes the income tax returns that he had intended to offer as proof, we cannot properly review his claim.[5]

coverage. The trial court's decision as to those portions of the defendant's motion in limine is not at issue in this appeal.

[4] We granted certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the trial court correctly granted the defendant's motion in limine preventing the plaintiff from introducing his income tax returns?" *Daigle* v. *Metropolitan Property & Casualty Ins. Co.*, 255 Conn. 915, 763 A.2d 1037 (2000).

[5] We do not rely on the Appellate Court's reasoning that "because the plaintiff's tax returns showed an increase in net income after the accidents, they could not provide a basis for a reasonable estimate by the jury of an alleged loss in wages or earning capacity due to his injuries." *Daigle* v. *Metropolitan Property & Casualty Ins. Co.*, supra, 60 Conn. App. 470. Although this statement is correct if it is assumed that the only evidence offered, namely, the plaintiff's income tax returns, established an increase in net income, it requires clarification. The mere fact that a party's income tax returns show an increase in net income after an accident does not necessarily mean that that party has not sustained a loss of earning capacity.

The duty to provide this court with a record adequate for review rests with the appellant. Practice Book § 61-10.[6] "It is the responsibility of the appellant to provide an adequate record for review as provided in Section 61-10. . . . The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. . . . Conclusions of the trial court cannot be reviewed where the appellant fails to establish through an adequate record that the trial court incorrectly applied the law or could not reasonably have concluded as it did . . . ." (Citations omitted; internal quotation marks omitted.) *Bradley* v. *Randall*, 63 Conn. App. 92, 95–96, 772 A.2d 722 (2001). "The purpose of marking an exhibit for identification is to preserve it as part of the record and to provide an appellate court with a basis for review." *Kraus* v. *Newton*, 211 Conn. 191, 194–95, 558 A.2d 240 (1989); accord *Esaw* v. *Friedman*, 217 Conn. 553, 566, 586 A.2d 1164 (1991).

The plaintiff argues that his income tax returns were crucial to demonstrate future economic damages and lost earning capacity and, therefore, that the trial court should not have excluded them. The plaintiff did not, however, seek to have his income tax returns entered into the record for identification purposes. This court's role is not to divine the possibilities, but to review the claims and exhibits presented to the trial court. In the

For example, a person who had been unemployed or underemployed prior to an accident and who then is partially disabled as a result of that accident would not be precluded from asserting a claim for loss of future earning capacity merely because he or she is employed with increased, postaccident net income.

[6] Practice Book § 61-10 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review. . . . For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

present case, the record is deficient in the absence of the income tax returns that form the basis of the plaintiff's claim. Inasmuch as the plaintiff failed to make his income tax returns part of the record, we are left to speculate as to the factual predicates for his argument. Cf. *Anastasia* v. *Beautiful You Hair Designs, Inc.*, 61 Conn. App. 471, 480, 767 A.2d 118 (2001).

Accordingly, we conclude that the record is incomplete and, therefore, we cannot properly review the plaintiff's claim.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.