[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Wilson Tarpeh, brought suit against the defendant, Peter Pan Bus Lines, Inc., for injuries sustained while riding as a passenger on one of its buses on August 12, 1992. The plaintiff initially claimed damages for personal injuries and loss of income resulting from said accident. The defendant does not dispute liability and, in fact, settled the personal injury portion of the plaintiff's claim, leaving open only the claim for loss of income. The injuries Mr. Tarpeh sustained were diagnosed as follows: hyperextension/hyperflexion injury neck, cervical myofascitis, facet syndrome and sciatica.
The plaintiff, who is now 46 years of age, has a bachelor's degree in accounting and a master's degree in advanced management. He currently is employed in banking and a teaching position at the University of CT Page 1100 Liberia. Prior to the August 1992 accident, the plaintiff had been employed at the African Development Bank and this position ceased as of June 1992.
In late August 1992, the plaintiff was offered a position to undertake a pre-feasibility study for establishment of an African Financial Institution, an assignment which would take six weeks, followed by two weeks of report writing. Remuneration for this job was set at $9,000 based on a salary of $6,000 per month. Due to this accident and resulting injuries, the plaintiff did not accept this position and the court finds that he is entitled to reimbursement for this loss of income in the amount of $9,000. The plaintiff has established with reasonable probability that his injuries did, in fact, bring about this loss of earnings. Daigle v. Metropolitan Property Casualty Ins.,60 Conn. App. 465, 469, 760 A.2d 117 (2000), aff'd., 257 Conn. 359,777 A.2d 681 (2001). The plaintiff also submitted the deposition of David K. Vinton, the Governor of the National Bank of Liberia, who testified that in 1992, the plaintiff was offered a position of consultant to provide technical and advisory services to the National Bank of Liberia to commence in August of 1992 and later extended to October 1992, a position for a two year period at a salary of $10,000 per month, together with a dependency allowance of 20% of the annual salary. This court further finds that the plaintiff was prevented from accepting and fulfilling this job due to the aforementioned injuries. Our Supreme Court has stated: "The evidence must be of such certainty as the nature of the particular case may permit. The plaintiff must lay a foundation which will enable the trier to make a fair and reasonable estimate." Berndston v. Annino,177 Conn. 41, 46, 411 A.2d 36 (1979). Furthermore, although it is not necessary that the amount of the loss be established with exactness, the evidence must be sufficient to remove the issue from the "realm of speculation." Delott v. Roraback, 179 Conn. 406, 411, 426 A.2d 791 (1980)
This court is satisfied that the plaintiff was prevented from accepting this second position due to the injuries of August 12, 1992. In fact, the plaintiff requested a second extension until January 19, 1993, which was not accepted by the prospective employer who hired another consultant when notified by the plaintiff of his inability to take up this assignment because of his injuries. The medical report submitted by the plaintiff from Dr. Edward J. Kudej dated November 3, 1992 supports his inability to perform this assignment, as the physician states: "These diagnoses at present prevent Mr. Tarpeh from prolonged sitting which, in turn, prevents him from traveling in airplanes, trains, cars, etc." Much of the plaintiff's assignment would have entailed extensive travel. The evidence indicates that the plaintiff first obtained employment after the August 12, 1992 accident in July of 1993. CT Page 1101
As to the plaintiff's ability to return to work after the August 1992 accident, Dr. Kudej's report of May 18, 1993 states: "His neck pain is noticed about three times a week and occasionally radiates to both shoulders. His low back pain is noticed every other day and is accompanied with stiffness. Both areas are irritated with sitting, deskwork, prolonged sitting or driving, jogging and playing soccer." Therefore, the Court finds that the plaintiff could have been gainfully employed prior to July 1993 when he became a consultant for the African Development Bank. This court concludes that the plaintiff was capable of seeking employment and engaging in related job activities by January 1993, thus permitting a mitigation of his damages from that date until July of 1993 when he first commenced employment (a period of six months). The plaintiff's testimony and his 1040 return for 1993 established that he earned $48,000 for that year. Therefore, counting six months amounts to $24,000 which is deducted from his wage loss claim. Although the plaintiff did not return to work until July 1993, the court finds that he was capable of returning to work in January 1993. This finding is relevant to the duty of the plaintiff to mitigate his damages by minimizing his loss of income. See Baystate Moving Systems, Inc. v.Bowman, 24 Conn. App. 531, 590, A.2d 462; cert. denied, 220 Conn. 904,593 A.2d 969 (1991).
Accordingly, the court awards the plaintiff the following sums: $9,000 for the loss of the pre-feasibility study for the establishment of an African Financial Institution; $240,000 for the loss of the position with the National Bank of Liberia and a cost of living adjustment of $28,800, for a total of $277,800 less wages earned in 1993 and 1994 of $48,000 (1993) and $61,200 (1994), for a total of $109,200 and less the further sum of $24,000 in mitigation, making a final recovery to the plaintiff of $144,600.
Judgment may enter in favor of the plaintiff for this sum together with costs of suit.
The Court
By ____________________ Grogins, J.