## KENNETH E. L'HOMME *v.* DEPARTMENT OF TRANSPORTATION
### (AC 21805)

Lavery, C. J., and Schaller and Bishop, Js.

Argued April 22—officially released September 3, 2002

*Ralph J. Monaco*, with whom, on the brief, were *Thomas J. Londregan* and *Jeffrey C. Brohel,* for the appellant (plaintiff).

*William J. Scully*, with whom, on the brief, were *Louis B. Blumenfeld* and *Jeffrey C. Pingpank,* for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Kenneth E. L'Homme, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant department of transportation (department) on his complaint brought pursuant to General Statutes § 13a-144, the highway defect statute.[1] On appeal, the plaintiff claims that the court improperly (1) excluded evidence of prior, similar conditions and accidents, evidence contained in a department complaint letter and drawing, and evidence of erosion, (2) denied him the opportunity to cross-examine a witness and (3) instructed the jury on the notice requirement under § 13a-144. Despite the plaintiff's characterization of his claims, more precisely cast, his claims are that the court improperly denied his motion to set aside the verdict and for a new trial on the basis of improper evidentiary rulings, denied him the opportunity to cross-examine a witness and improperly instructed the jury. Because we conclude that the plaintiff could not prevail on his complaint under § 13a-144, the alleged improprieties, if any, were harmless, and we therefore affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On June 20, 1998, between 7:45 p.m. and 7:50 p.m., the plaintiff motorcyclist was traveling north on Route 49 near the border of North Stonington and Voluntown. Route 49 is a state highway and, as such,

---

[1] General Statutes § 13a-144 provides in relevant part: "Damages for injuries sustained on state highways or sidewalks. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

the department is responsible for its maintenance. The plaintiff, an experienced motorcyclist, was traveling at approximately forty miles per hour. The posted speed limit was forty-five miles per hour.

Shortly after crossing the town line in Voluntown and entering a gradual turn, the plaintiff noticed that the southbound traffic had left wet tire markings on the road's surface. Moments later, the plaintiff encountered a flooded and mud slicked stretch of road. The plaintiff reduced his speed but was unable to maintain control of the motorcycle. The plaintiff was thrown from the motorcycle and suffered numerous injuries.

On June 24, 1998, the plaintiff served James F. Sullivan, commissioner of transportation, with notice of intent to file an action pursuant to § 13a-144. Within that notice, the plaintiff described the defective condition existing on Route 49 on June 20, 1998, as "mud." The plaintiff thereafter filed a complaint alleging that the defendant had breached its statutory duty to maintain the highway in a reasonably safe condition. At trial, the plaintiff claimed that the road was defective and that proper maintenance of the road would have prevented the accident.

Two hours prior to the plaintiff's accident, Beverly Costley had traveled the same stretch of Route 49 on her way to Westerly, Rhode Island. She testified that at that time, the weather was "nice" and that the roadway was dry and clear. After Costley arrived in Westerly, rain began to fall heavily for a brief period of time. Shortly thereafter, Costley began her return trip to Connecticut. Costley again traveled along Route 49. She noted that Route 49 was dry and that there was no rain. The only indication of mud and water on the roadway existed specifically at the accident site. The plaintiff did not offer evidence that there had been rain in Voluntown or North Stonington on the day in question.

The plaintiff also attempted to introduce evidence of similar prior occurrences, erosion and design defects at the site of the accident in an effort to prove that the defendant had constructive notice of the road defect. In reply, on December 4, 2000, the defendant filed three separate motions in limine to preclude the introduction of that evidence. The court granted each of the motions on December 12, 2000. In response, the plaintiff filed a motion for reconsideration with regard to the court's ruling on the admissibility of the evidence of prior, similar problems with the subject roadway. The court granted reconsideration but did not change its decision.

After the jury returned a verdict in favor of the defendant, the plaintiff filed a motion to set aside the verdict and for a new trial. The court denied the motion. This appeal followed. Additional facts will be set forth where necessary to the resolution of the issues.

The plaintiff claims first that the court improperly denied his motion to set aside the verdict and for a new trial. Specifically, the plaintiff argues that the court improperly (1) excluded evidence of prior, similar conditions and accidents that was contained in a department complaint letter and drawing, and evidence of erosion, (2) denied him the opportunity to cross-examine a fact witness and (3) instructed the jury on the notice requirement under § 13a-144. The plaintiff's argument, essentially, is that had the court not excluded the proffered evidence and denied him the opportunity to cross-examine a witness, and had the court given a different jury instruction, the jury would have answered in the affirmative all of the special interrogatories that it had been given and returned a verdict in his favor. We disagree.

The following additional facts are relevant to our analysis of the plaintiff's claims. At trial, the plaintiff offered evidence of prior, similar conditions and acci-

dents solely to prove that the department had notice of recurring mud and water conditions at the subject location, and that the department did not take reasonable steps to remedy those defects. That evidence consisted of testimony from two witnesses, Barbara Ayrton and Costley, and the contents of a department complaint letter and attached drawing. The court ruled that this evidence was inadmissible to prove constructive notice.

The plaintiff also attempted to introduce evidence of erosion on the side of Route 49. Specifically, the plaintiff offered photographs as well as testimony from Ayrton, a resident of Route 49, who was prepared to testify that she had put the department on notice of the defective condition, and that the department repeatedly had visited the area and filled eroded areas of the roadway with millings. The plaintiff offered that evidence to support his position that the department had constructive notice of the defect and that a reasonable amount of time had existed for the department to remedy the defect. The court ruled that this evidence was inadmissible to prove constructive notice or that the department had sufficient time to remedy the defect because the evidence was irrelevant as to those two issues.

During direct examination of a defense witness, Frederick Atwell, a department employee, the defendant's counsel asked about the procedure by which the department received notification of the existence of highway defects. With respect to the accident on June 20, 1998, the defendant's counsel asked Atwell, "At my request, did you search or have [you] searched the records at [the department's Newington headquarters] pertaining to any calls about problems at this location?" Atwell responded that he had searched the department's call-log records and that a call came into the department's call center at 8:05 p.m. on June 20, 1998. During cross-examination, the court did not permit the plaintiff's

counsel to examine Atwell on the issue of the number of times that the department had responded to calls regarding Route 49. The court ruled that this line of questioning by the plaintiff's counsel went "well beyond the scope of the direct" because the defendant's counsel on direct examination had limited the question and answer to June 20, 1998. Later, to prevent any prejudice to the plaintiff, the court instructed the jury to limit the question and answer solely to the incident on June 20, 1998.[2]

In its jury instructions, the court gave the jury a specific charge as to the requirements for a finding of actual or constructive notice.[3] The court's charge required that for the jury to find that the plaintiff properly had given the defendant notice, the defendant had to have been given notice of the very defect existing on June 20, 1998, and not merely notice of similar prior defects.

Prior to beginning deliberations, the jury received special interrogatories to answer.[4] After considering

[3] The court instructed the jury in relevant part: "The second instruction that I have for you is as to a particular question that was asked of Mr. Atwell when he was testifying, and it relates to defendant's exhibit A, which is the log which you will have in your deliberations. The question that was asked of Mr. Atwell was whether any complaint had been made as to this particular location, and I believe the intention had been and Mr. Atwell's answer had been not any complaint, but a complaint as to this particular accident. So, the question should be limited to that. The answer was limited to that, and you have the exhibit in order to examine."

[3] The court instructed the jury in relevant part: "The next requirement is actual or constructive notice. If you find that the specific location on Route 49 as alleged was not reasonably safe for public travel at the time of the subject accident because of mud and water, as claimed by the plaintiff, then you would move onto the second liability requirement and determine whether the defendant either actually knew of that particular defect, that is, the mud on the road on June 20, 1998, mud and water on the road, or, in the reasonable exercise of his supervision of the highways, should have known of that very defect at the time of the accident."

[1] The special interrogatories were as follows:

"1. Do you find that Route 49 at the location of the accident was defective due to an accumulation of mud and water at the time of the plaintiff's accident?

them, the jury returned a verdict in favor of the defendant. The jury found that the highway was defective as claimed. Although the jury found that a defect existed at the time of the accident, it also determined that the defendant did not have notice of the defect. The jury also found that even if the defendant had actual or constructive notice, the defendant did not have a reasonable amount of time to respond to the defect. Finally, the jury found that the plaintiff had not established that the defect was the sole proximate cause of his injuries.

At the outset, we note the standard of review that governs a challenge to a court's denial of a motion to set aside a verdict and for a new trial. "[T]he proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict and motion for a new trial . . . [is] the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is

---

"Yes X No

"2. Did the defendant have actual notice or knowledge of this defect (mud and/or water) in the road on the day that the accident occurred prior to the accident?

"Yes    No X

"3. If the defendant had actual notice or knowledge of this defect on the road on the day that the accident occurred prior to the accident, did it have a reasonable time to respond before the accident?

"Yes    No X

"4. Did the defendant have constructive notice or knowledge of this defect (mud and/or water) in the road on the day that the accident occurred prior to the accident?

"Yes    No X

"5. If the defendant had constructive notice or knowledge of this defect on the road on the day that the accident occurred prior to the accident, did it have a reasonable time to respond before the accident?

"Yes    No X

"6. Do you find that the defendant's breach of their statutory duty was the sole proximate cause of this accident?

"Yes    No X"

required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We do not . . . determine whether a conclusion different from the one reached could have been reached."[5] (Internal quotation marks omitted.) *Hackling* v. *Casbro Construction of Rhode Island*, 67 Conn. App. 286, 289, 786 A.2d 1214 (2001), quoting *Davis* v. *Fracasso*, 59 Conn. App. 291, 295, 756 A.2d 325 (2000); see also *Marchell* v. *Whelchel*, 66 Conn. App. 574, 581, 785 A.2d 253 (2001).

Even if we assume, without deciding, that the court improperly ruled on the admissibility of evidence, denied the plaintiff the opportunity to cross-examine a witness and gave the jury improper instructions, we would conclude that any error was harmless. In a civil case, the harmless error standard requires a reviewing court to determine whether the allegedly improper ruling would likely affect the result of the trial. See *Pagano* v. *Ippoliti*, 245 Conn. 640, 652, 716 A.2d 848 (1998).[6] The plaintiff has failed to show that any of the court's rulings or instructions were harmful. The claimed improprieties, if they did exist, were not harmful because the plaintiff failed to establish a prima facie case of liability under § 13a-144, and the claimed improprieties would not, if corrected, establish liability. Therefore, the challenged rulings could not have affected the jury's verdict.

---

[5] Although we note that the plaintiff could have framed the appeal as two separate claims; see footnote 2; one claim concerning the court's ruling on the plaintiff's motion to set aside the verdict and the other claim concerning the court's ruling on the motion for a new trial, the plaintiff actually asserts only one claim, so we apply this particular standard of review.

[6] The issue in *Pagano* v. *Ippoliti*, supra, 245 Conn. 652, concerned the harmful error standard of review in civil cases in the context of a trial court's rulings on evidentiary issues. By comparison, we are concerned in this case with the court's ruling on the motion to set aside the verdict and for a new trial. The harmless error standard of review enunciated in *Pagano* is applicable in this case because the plaintiff's underlying arguments challenge the court's evidentiary rulings and a jury charge concerning evidence that he sought to have admitted at trial.

To prove a breach of duty under § 13a-144, the plaintiff must prove by a preponderance of the evidence: "(1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed . . . ." *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981); see also *Ormsby* v. *Frankel,* 255 Conn. 670, 676, 768 A.2d 441 (2001). It is the plaintiff's burden to prove each of those elements, and failure to prove any element will preclude a finding of liability under the statute. See, e.g., *Roy* v. *Michaud,* 5 Conn. App. 695, 700–701, 501 A.2d 1231 (1985) (failure to prove highway defect was sole proximate cause of death precluded finding of liability pursuant to § 13a-144), cert. denied, 198 Conn. 806, 504 A.2d 1060 (1986).

The jury answered in the affirmative as to only one of the six special interrogatories that it was given. Importantly, the jury found that the plaintiff did not satisfy his burden of proving that the defect was the sole proximate cause of his injuries. Accordingly, for the plaintiff to prove that any alleged impropriety by the court was harmful, he was required to show that the court's rulings or jury instructions affected the jury's finding concerning sole proximate cause. We address each of the plaintiff's arguments in turn.

The plaintiff argues that the court improperly excluded evidence concerning prior, similar conditions of mud and water on Route 49. The plaintiff offered evidence of prior, similar conditions solely to prove that the department had constructive notice of the defective highway condition with a reasonable window of oppor-

tunity to remedy the defect. Although that evidence may have been relevant to the issue of constructive notice and time to remedy the defect, it is not relevant to the issue of sole proximate cause.

As for the evidence concerning prior, similar accidents, the plaintiff argues that the court should have admitted that evidence to prove notice of the defect. Although that evidence may have been relevant to prove constructive notice, it was not relevant to prove sole proximate cause. Any improper ruling or jury instruction, therefore, was harmless.

Next, the plaintiff argues that the court improperly excluded testimony and photographs indicating that erosion existed on the side of Route 49. In his brief, the plaintiff argues that he offered that evidence to support his position that the state had constructive notice of the defect and that a reasonable amount of time existed to remedy the defect. Again, whether erosion existed along Route 49 prior to June 20, 1998, or whether the department had time to cure the defect prior to the plaintiff's accident is irrelevant as to the issue of sole proximate cause.

The plaintiff also argues that the court improperly prohibited him from cross-examining a defense witness concerning department call-center logs. The plaintiff argues in his brief that despite the court's curative jury instruction, the ruling resulted in an adverse inference that the call placed on June 20, 1998, was the only complaint that the department ever had received concerning the area of Route 49 at issue. Again, regardless of whether the jury drew such an inference, that evidence is not relevant to establish the element of sole proximate cause.

Finally, the plaintiff argues that the court improperly charged the jury. In support of his argument, the plaintiff states that the court's instruction was improper

because the jury was told that the notice requirement of § 13a-144 could be satisfied only where the department had notice of the exact defect existing on June 20, 1998. That argument focuses on the court's use of the phrase "very defect" as applied to the notice of the defect in question. Even if the court had instructed the jury as the plaintiff contends that the court should have, i.e., that notice of prior, substantially similar defects is enough to satisfy the notice requirement of the statute, such an instruction would not have affected the jury's determination on the issue of sole proximate cause. Again, as to that matter, the court's instruction was irrelevant as to the issue of sole proximate cause, and any error was harmless.

Even if we were to determine that the court improperly excluded evidence or had given an improper jury instruction, the proffered evidence and instruction were relevant only to the issues of notice and time to remedy the defect. The jury found that the plaintiff had failed to establish that the defect was the sole proximate cause of his injuries. We conclude that any error arising from the court's rulings or jury instructions was harmless and did not affect the verdict. Therefore, because any error was harmless, the court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict and for a new trial.

The judgment is affirmed.

In this opinion the other judges concurred.