MIROSLAW PUCHALSKI *v.* MAGNUS A. MATHURA ET AL.
(AC 23757)

Foti, Flynn and DiPentima, Js.

Argued January 8—officially released March 30, 2004

*Juri E. Taalman*, with whom, on the brief, was *Timothy Brignole*, for the appellant (plaintiff).

*Jack G. Steigelfest*, with whom, on the brief, was *Constance L. Epstein*, for the appellees (defendants).

### Opinion

DiPENTIMA, J. The plaintiff, Miroslaw Puchalski, appeals from the judgment of the trial court in favor of the defendants, Magnus A. Mathura and Kamini D. Headley, rendered after a jury trial in this personal injury action. On appeal, the plaintiff claims that the court improperly (1) refused to admit into evidence as a full exhibit a police diagram contained in a police accident report and (2) refused to admit the diagram of the accident scene when any questions of hearsay were dependent on the testimony of the investigating officer who drew the diagram, but who knowingly and possibly wilfully failed to appear for trial in response to a lawful subpoena duces tecum that had been issued by the plaintiff. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. On February 4, 2000, the plaintiff was injured when his vehicle collided with a

vehicle owned by Headley and driven by Mathura. The plaintiff brought an action against the defendants alleging negligence.

The plaintiff issued a subpoena duces tecum to the Hartford police department requiring Officer Brendan O'Brien to appear at the trial of this matter on December 3, 2002, and to bring with him all records pertaining to his investigation of the accident. O'Brien failed to appear. Lieutenant Jose Lopez of the Hartford police department appeared in place of O'Brien and brought O'Brien's original police report, which included a diagram of the accident, a certified copy of the police report and a letter from the chief of police.[1]

The plaintiff introduced a partially redacted copy of the police report as an exhibit. The defendants objected to inclusion of a statement of the plaintiff that had been taken at the accident scene on the ground of hearsay. The plaintiff argued that the statement should be admitted under the public records and reports exception to the hearsay rule pursuant to § 8-3 (7) of the Connecticut Code of Evidence and that it constituted a business record pursuant to § 8-4 of the Connecticut Code of Evidence. The court excluded the statement. That ruling is not at issue on appeal.

The defendants further objected to the inclusion of the diagram of the accident scene that had been prepared by O'Brien, claiming that the diagram constituted hearsay in that it purported to show the area of impact on the basis of O'Brien's observations after the vehicles had been moved. The defendants argued that it was inadmissible because there was no indication of the specific information, such as debris, measurements or

---

[1] Lopez testified that O'Brien was injured and on leave at the time the subpoena was issued. Lopez further testified that he had advised O'Brien of the subpoena and trial. Lopez stated that the department would conduct an investigation into the facts regarding O'Brien's failure to appear.

witness statements, that O'Brien used in determining the point of impact. After hearing the testimony of Lopez regarding the admissibility of the diagram and considering authorities cited by counsel, the court ruled that the diagram should be redacted from the exhibit. The jury ultimately returned a verdict for the defendants, and this appeal followed.

I

The plaintiff first claims that the court improperly excluded the diagram in the police accident report despite the fact that he had laid a sufficient foundation for the evidence to be admitted. Specifically, the plaintiff argues that a diagram of an accident scene made by an investigating police officer is admissible when the diagram is based on physical evidence at the scene and the officer's notes and observations.

"The standard to be used to review a trial court's decision on the relevance and admissibility of evidence is abuse of discretion. . . . It is a well established principle of law that the trial court has wide discretion to determine the relevance of evidence and that the court's rulings will not be disturbed on appellate review absent abuse of that discretion." (Citation omitted; internal quotation marks omitted.) *Daigle* v. *Metropolitan Property & Casualty Ins. Co.*, 60 Conn. App. 465, 469, 760 A.2d 117 (2000), aff'd, 257 Conn. 359, 777 A.2d 681 (2001). "Even when a trial court's evidentiary ruling is deemed to be improper, we must determine whether that ruling was so harmful as to require a new trial. . . . In other words, an evidentiary ruling will result in a new trial only if the ruling was both wrong and harmful." (Citation omitted; internal quotation marks omitted.) *Ryan Transportation, Inc.* v. *M & G Associates*, 266 Conn. 520, 530, 832 A.2d 1180 (2003). Harmful error occurs in a civil action when the ruling "would likely affect the result." (Internal quotation marks omitted.)

*George* v. *Ericson*, 250 Conn. 312, 327, 736 A.2d 889 (1999). It is the plaintiff's burden to show harmful error.

The plaintiff asserts that the diagram prepared by O'Brien was relevant and material to the plaintiff's case in that it showed the physical evidence found at the scene and the observations made by a police officer charged with the duty of investigating the accident. "[T]he appellant bears the burden of providing an appellate court with an adequate record for review." (Internal quotation marks omitted.) *Niehaus* v. *Cowles Business Media, Inc.*, 263 Conn. 178, 183, 819 A.2d 765 (2003); see also Practice Book § 63-8 (a). In support of his claim, the plaintiff has provided a partial transcript of the proceedings directly related to the offer of the police report and the court's ruling regarding the exclusion of the diagram. We do not know what was before the jury as to how the collision occurred. There is nothing in the record that provides this court with information regarding the potential cumulative effect of other evidence presented to the court. Thus, even if the exclusion of the police diagram was improper, we are unable to determine whether such exclusion would likely have affected the jury's determination. See *Taylor* v. *American Thread Co.*, 200 Conn. 108, 111–12, 509 A.2d 512 (1986) (lack of appropriate transcripts precludes finding of error); *DeMilo* v. *West Haven*, 189 Conn. 671, 680–81, 458 A.2d 362 (1983) (lack of transcript of certain testimony precludes review of claim that trial court improperly failed to set aside verdict). Due to the inadequate record, therefore, we decline to review the claim.

II

The plaintiff also claims that the court improperly refused to admit the police diagram of the accident scene when any questions of hearsay were dependent on the testimony of the investigating officer who drew the diagram, but who knowingly and possibly wilfully

failed to appear for trial in response to a lawful subpoena duces tecum that had been issued by the plaintiff.[2] Despite the serious nature of the claim against a police officer, the plaintiff has failed to provide an adequate record to address the claim. There is nothing in the record to allow us to conclude that the court should have found that the officer knowingly and wilfully failed to appear. Moreover, the record fails to show that the plaintiff made any effort beyond the subpoena to secure the officer's presence. Further, he apparently sought no continuance. For the aforementioned reasons, we decline to review the claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] That issue presumably was raised in light of *Annecharico* v. *Patterson,* 44 Conn. App. 271, 278, 688 A.2d 1341 (1997) (police report admissible as business record when opinion as to point of impact made on basis of officer's observations). We recognize that we need not address the issue in light of our disposition of the first issue. We note, however, that when a document may be admitted on the basis of the business record exception to the hearsay rule, it does not follow that everything in the record is required to be admitted into evidence. See *State* v. *Kirsch,* 263 Conn. 390, 401, 820 A.2d 236 (2003) ("[i]f admission of the record in part, or as a whole, would violate some other rule of evidence, the objectionable portion may not be admitted").