### EILEEN C. PIROLO v. YOLANDA DEJESUS
### (AC 26848)

Schaller, Gruendel and Hennessy, Js.

---

Argued April 18—officially released September 19, 2006

*Marc J. Ubaldi*, with whom was *Dennis W. Gillooly*, for the appellant (plaintiff).

*G. Randall Avery*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Eileen C. Pirolo, appeals from the judgment of the trial court, rendered following a jury trial, in favor of the defendant, Yolanda DeJesus. On appeal, the plaintiff claims that the court improperly admitted into evidence a diagram attached to a police accident report. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. On August 10, 2001, the plaintiff and the defendant were involved in a motor vehicle accident at the intersection of Defco Park Road and Washington Avenue in North Haven. At trial, the

plaintiff and the defendant provided conflicting accounts as to how the accident occurred. The plaintiff testified that the vehicle she was driving was stopped at a red traffic signal in the right lane of Defco Park Road when her vehicle was struck from behind by the defendant's vehicle. The defendant testified, in contrast, that the plaintiff's vehicle struck the defendant's vehicle when the plaintiff backed up after unsuccessfully attempting to turn right turn onto Washington Avenue. Officer Jason R. Janosko of the North Haven police department, who investigated the accident, also testified.

During Janosko's testimony, the defendant offered as evidence an accident diagram prepared by Janosko and included in his police report. The plaintiff objected on the ground of hearsay. The court sustained the objection subject to subsequent testimony by the parties as to whether the vehicles had been moved prior to the officer's arrival on the scene. Later in the trial, following both parties' testimony that the vehicles had not been moved, the defendant again sought to introduce the diagram into evidence. At that point, the court admitted the diagram as a full exhibit over the plaintiff's renewed hearsay objection.

The jury ultimately returned a verdict in favor of the defendant. On June 3, 2005, the plaintiff filed a motion to set aside the verdict and for a new trial. The court denied the motion and rendered judgment in favor of the defendant. This appeal followed. Additional facts will be set forth as necessary.

The plaintiff claims that the court improperly admitted into evidence the diagram attached to the police accident report. Specifically, the plaintiff argues that the diagram constituted inadmissible hearsay because it was not based on the officer's observations of the accident scene but rather on the parties' out-of-court

statements concerning the accident. Additionally, the plaintiff argues that the admission of the diagram was harmful to her case because it showed her vehicle turned slightly to the right at the corner of the intersection, which supports the defendant's version of the accident. We agree that the diagram was improperly admitted into evidence but conclude that its admission was harmless error.

As we have often stated, "[i]t is a well established principle of law that the trial court may exercise its discretion with regard to evidentiary rulings, and [those] rulings will not be disturbed on appellate review absent [an] abuse of that discretion." (Internal quotation marks omitted.) *DeMarkey* v. *Fratturo*, 80 Conn. App. 650, 654, 836 A.2d 1257 (2003). "Even when a trial court's evidentiary ruling is deemed to be improper, we must determine whether that ruling was so harmful as to require a new trial. . . . In other words, an evidentiary ruling will result in a new trial only if the ruling was both wrong and harmful." (Internal quotation marks omitted.) *Puchalski* v. *Mathura*, 82 Conn. App. 272, 275, 843 A.2d 685 (2004); see also C. Tait, Connecticut Evidence (3d Ed. 2001) § 1.33.1, pp. 95–96.

"An out-of-court statement used to prove the truth of the matter asserted is hearsay and is generally inadmissible unless an exception applies." *DeMarkey* v. *Fratturo*, supra, 80 Conn. App. 654. Police reports are normally admissible under the business records exception to the hearsay rule as set forth in General Statutes § 52-180.[1] See *Paquette* v. *Hadley*, 45 Conn. App. 577, 581, 697 A.2d 691 (1997). Witness statements contained

---

[1] The business records exception is codified in General Statutes § 52-180, which provides in relevant part: "(a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act,

within the reports, however, do not fall within this exception.[2] Id. To be admissible under the business records exception, "the report must be based entirely upon the police officer's own observations or upon information provided by an observer with a business duty to transmit such information." (Internal quotation marks omitted.) *Baughman* v. *Collins*, 56 Conn. App. 34, 37, 740 A.2d 491 (1999), cert. denied, 252 Conn. 923, 747 A.2d 517 (2000).

In the present case, the officer responded negatively when questioned at trial as to whether the diagram was intended to show the position of the vehicles when he arrived at the scene. He testified that the purpose of the diagram was to show "how [the vehicles] collided" and "where [the vehicles] were at the time of the accident," which he determined "based on what the drivers and . . . witnesses [said]." He further testified that he did not take measurements or photographs at the scene from which he could have drawn the diagram. As a result, we conclude that the diagram rested on inadmissible hearsay to the extent that it depicted the scene of the accident before the officer's arrival and was based on the parties' accounts of the accident. It was therefore improperly admitted.

Nevertheless, "before a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . When determining that issue in a civil case, the standard to be used is whether the erroneous ruling 'would likely affect the result.' " (Citations omitted.) *Swenson* v. *Sawoska*, 215 Conn. 148, 153, 575 A.2d 206 (1990).

transaction, occurrence or event or within a reasonable time thereafter . . . ." See also Conn. Code Evid. § 8-4.

[2] Statements of witnesses contained within a police report add another level of hearsay. These statements, therefore, must fall within an exception to the hearsay rule to be properly admitted. *Hutchinson* v. *Plante*, 175 Conn. 1, 5, 392 A.2d 488 (1978) ("[i]tems in a business entry not based on the entrant's personal knowledge add another level of hearsay . . . and some

We conclude that the plaintiff has not met her burden of demonstrating harmful error. "The determination of [harmful error] lies in the record." (Internal quotation marks omitted.) Id., 153. The improperly admitted diagram was merely cumulative of the other evidence presented at trial. See id., 155 ("[i]t is well established that if erroneously admitted evidence is merely cumulative of other evidence presented in the case, its admission does not constitute reversible error"). The jury heard testimony from both parties as to how the accident happened and was in a position to weigh their credibility in reaching its verdict. Furthermore, there was nothing so inflammatory about this evidence that its admission created a risk of distorting the jury's perception of the remaining evidence. See *DeMarkey* v. *Fratturo*, supra, 80 Conn. App. 657. The dispute between the parties at trial concerned which party was at fault; the diagram did not indicate fault or demonstrate exactly how the accident must have occurred. The diagram also did not appear to unduly support one party's version of the accident over the other's. Although the diagram showed the plaintiff's vehicle turned slightly to the right at the corner of the intersection, it did not indicate that the plaintiff's vehicle had been backed up, which would favor the defendant's version of the accident. Additionally, an arrow was placed directly behind the defendant's vehicle on the diagram, indicating that the defendant's vehicle had moved forward and struck the plaintiff's vehicle.

We conclude that the improper admission of the police diagram was not likely to have affected the jury's decision and, as a result, its admission was harmless error.

The judgment is affirmed.

In this opinion the other judges concurred.

---

exception to the hearsay rule must be found to justify admission" [citation omitted]). No such exception applies in this case.