JOHN A. LOVETERE ET AL. *v.* HAROLD E. COLE
(AC 30355)

Beach, Alvord and Borden, Js.

Argued October 29—officially released December 29, 2009

*Andrew W. Skolnick*, with whom, on the brief, was *Catherine A. Cuggino*, for the appellant (defendant).

*William C. Franklin*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. This is an action to quiet title and for slander of title brought by the plaintiffs, John A. Lovetere and Nancy D. Lovetere, against the defendant, Harold E. Cole, an adjoining landowner. After a trial to the court, the court found that the plaintiffs held record title to the land in question and that the defendant had committed statutory slander of title by recklessly recording a deed that he knew was false, with the sole purpose of slandering the plaintiffs' title. Accordingly, the court rendered judgment quieting title in the plaintiffs and awarding damages for slander of title. The defendant has appealed. We affirm the judgment of the trial court.

The defendant does not challenge any of the findings or conclusions of the court on the merits of the case. His sole claim on appeal is that the court abused its discretion in granting the plaintiffs' pretrial motion to preclude the expert testimony of an attorney whom the defendant had engaged to search the titles of the parties' properties.

The defendant claims that the court abused its discretion because (1) he had made adequate disclosure of the expert, (2) the expert was retained and disclosed within a reasonable time prior to trial, (3) the disclosure did not cause undue prejudice to the plaintiffs, (4) the disclosure did not cause undue interference with the

orderly progress of the trial, (5) there was no bad faith delay on the part of the defendant in disclosing the expert and (6) the court's sanction was disproportionate to the claimed violation of the discovery rules. The plaintiffs respond that (1) the absence of an articulation by the court of its decision to preclude the defendant's expert witness precludes appellate review of the decision, (2) the expert witness was not properly disclosed, (3) the court did not abuse its discretion in precluding the expert from testifying and (4) any error was harmless because the record does not establish what, if anything, the purported witness' opinion would have been.

We have fully considered the entire record, the claims of the defendant and the responses of the plaintiffs. We conclude that the court's ruling was well within its discretion and, furthermore, that there is nothing in the record to indicate what, if anything, the expert's opinion would have been had the court ruled otherwise. Ordinarily, an appellant must show, not only that the court made an improper ruling, but also that the impropriety was serious enough to require reversal of the judgment and a new trial. "[E]ven if a court has acted improperly in connection with the introduction of evidence, reversal of a judgment is not necessarily mandated because there must not only be an evidentiary [impropriety], there also must be harm. . . . In the absence of a showing that the [excluded] evidence would have affected the final result, its exclusion is harmless." (Citations omitted; internal quotation marks omitted.) *Sullivan* v. *Metro-North Commuter Railroad Co.*, 292 Conn. 150, 161, 971 A.2d 676 (2009). Therefore, we have absolutely no basis for reversing the judgment and ordering a new trial.

The judgment is affirmed.