# LORI A. QUARANTA *v.* DONALD J. KING II ET AL.
## (AC 32108)

DiPentima, C. J., and Gruendel and Flynn, Js.

Argued October 18, 2011—officially released February 14, 2012

*John T. Bochanis,* for the appellant (plaintiff).

*Joshua A. Yahwak,* for the appellee (defendant David D'Addario).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Lori A. Quaranta, appeals from the judgment of the trial court rendered after a jury verdict in favor of the defendant David D'Addario.[1] On appeal, the plaintiff argues that the court improperly declined to admit photographs of rubber mats into evidence. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On or about September 11, 2004, the plaintiff attended a party hosted by the defendant on Clam Island off the coast of Branford. The defendant, who lives on Clam Island, assumed responsibility for transporting guests to and from the party via boat, using docks located at 275 Linden Avenue. The docks are owned by Donald J. King II, and Clam Island is located approximately one quarter of a mile from the docks. Upon disembarking from the boat after the party, the plaintiff fell through a space between the docks. The plaintiff's complaint alleged, inter alia, that, as a result of the defendant's negligence, she sustained personal injuries due to the dangerous and defective condition of the docks.

At trial, King testified that he is a commercial fisherman and that he stores lobster crates and other fishing

---

[1] The plaintiff also named Donald J. King II and Polly D'Addario as defendants and judgment was rendered in their favor, but they are not parties to the present appeal. We therefore refer to David D'Addario as the defendant.

equipment on the docks. He then stated that "sometimes in order to span the space [between the docks] to move equipment, I put a mat there." Counsel for the plaintiff, after questioning King regarding his use of the rubber mats, sought to introduce photographs of the mats into evidence. See footnote 3 of this opinion. Counsel for King objected to the admission of the photographs, stating: "I mean, it's already in, it's in the case as to when [King] uses [the rubber mats]. I don't see why we would be getting a picture in two years later which has nothing to do with the condition the day of [the incident] . . . ." Counsel for the plaintiff countered that "it's a question of fact for the jury as to . . . whether [the mats] should have been connected [to the docks] . . . ." The court sustained the objection and declined to admit the photographs into evidence, without explaining its reasoning. After the trial, the jury found for the defendant. In November, 2009, the plaintiff filed a motion to set aside the verdict or for a new trial, which was denied. The court thereafter rendered judgment in favor of the defendant, in accordance with the jury's verdict. This appeal followed.

We first set forth the applicable standard of review. "The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence . . . [and its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the [appellant] of substantial prejudice or injustice." (Internal quotation marks omitted.) *Viera* v. *Cohen*, 283 Conn. 412, 452, 927 A.2d 843 (2007).

The plaintiff argues that the court abused its discretion in declining to admit the photographs of the rubber mats into evidence. Specifically, the plaintiff argues that the court should have admitted the proffered photographs because the rubber mats were used, before and after the accident, to cover the gap between the docks where she fell. The defendant responds that the court did not abuse its discretion in excluding the photographs and that, even if it did abuse its discretion, the error was harmless.

"[E]ven if a court has acted improperly in connection with the introduction of evidence, reversal of a judgment is not necessarily mandated because there must not only be an evidentiary [impropriety], there also must be harm. . . . In the absence of a showing that the [excluded] evidence would have affected the final result, its exclusion is harmless." (Internal quotation marks omitted.) *Lovetere* v. *Cole*, 118 Conn. App. 680, 682, 984 A.2d 1171 (2009); see *Kalams* v. *Giacchetto*, 268 Conn. 244, 249–50, 842 A.2d 1100 (2004); see also *State* v. *Pelletier*, 85 Conn. App. 71, 79, 856 A.2d 435, cert. denied, 272 Conn. 911, 863 A.2d 703 (2004); *L'Homme* v. *Dept. of Transportation*, 72 Conn. App. 64, 71, 805 A.2d 728 (2002); *In re Anna B.*, 50 Conn. App. 298, 305–306, 717 A.2d 289 (1998). "The harmless [impropriety] standard in a civil case is whether the improper ruling would likely affect the result. . . . When judging the likely effect of such a trial court ruling, the reviewing court is constrained to make its determination on the basis of the printed record before it. . . . Thus, our analysis includes a review of: (1) the relationship of the improper evidence to the central issues in the case, particularly as highlighted by the parties' summations; (2) whether the trial court took any measures, such as corrective instructions, that might mitigate the effect of the evidentiary impropriety; and (3) whether the improperly admitted evidence is

merely cumulative of other validly admitted testimony." (Internal quotation marks omitted.) *Dow-Westbrook, Inc.* v. *Candlewood Equine Practice, LLC*, 119 Conn. App. 703, 722, 989 A.2d 1075 (2010); id., 723 (concluding that although trial court improperly precluded expert testimony, error was not harmful). "It is the [appellant's] burden to show harmful error." *Puchalski* v. *Mathura*, 82 Conn. App. 272, 276, 843 A.2d 685 (2004).

In the present case, the plaintiff argues that the photographs should have been admitted because they were relevant evidence concerning "knowledge and notice of the hole and the dangerous condition it posed if it was not covered." The plaintiff also argues that the photographs would, therefore, have contradicted the testimony of the defendant that the gap between the docks was a naturally occurring condition that always existed on the dock. At the time of the proffer, King's counsel objected on the grounds of relevancy, noting that the conditions in the photograph did not reflect the conditions on the day the plaintiff fell. See footnote 3 of this opinion. The court, while not explicitly stating its grounds for sustaining the objection to this evidence, noted that "there [has] been testimony about [King's] use of mats before September 11, 2004, and after." As we have noted, King testified that he previously had placed the rubber mats over the gap between the docks in order to move his lobster traps.[2] Because the record is inadequate, we decline to review the plaintiff's claim.

In support of her claim on appeal, the plaintiff has provided only a partial transcript of the proceedings limited to the testimony of King and the defendant. We do not know what was before the jury as to the precise circumstances of the plaintiff's fall. In the absence of a more complete record, we cannot determine conclusively whether the exclusion of the photographs would

---

[2] We note that only King, and not the defendant, was questioned regarding the use of the rubber mats.

likely have affected the result. See *Desrosiers* v. *Henne,* 283 Conn. 361, 368 n.6, 926 A.2d 1024 (2007) (declining to review claim that trial court improperly precluded evidence, explaining that "[b]ecause the [appellant] has not provided this court with the full trial transcripts, we do not have a complete record with which to conduct an inquiry into [whether evidence was properly excluded]"); *Ryan Transportation, Inc.* v. *M & G Associates,* 266 Conn. 520, 531, 832 A.2d 1180 (2003) (declining to review claim where plaintiff provided no transcript of witness testimony because "even if we assume, arguendo, that the challenged evidentiary ruling was improper, we have no way of discerning whether any such impropriety was harmful *in the broader context of the entire trial*" [emphasis added]); *Puchalski* v. *Mathura,* supra, 82 Conn. App. 276 (inadequate record where plaintiff provided partial transcript and record did not provide court with information regarding potential cumulative effect of other evidence presented to trial court). It is the duty of the appellant to provide an adequate record for review. See Practice Book § 61-10. Moreover, Practice Book § 63-8 (a) provides in relevant part: "On or before the date of filing the appeal, the appellant shall . . . order . . . a transcript of the parts of the proceedings not already on file which the appellant deems necessary for the proper presentation of the appeal. . . ."

Thus, even if the exclusion of the photographs were improper, we are unable to determine whether such exclusion would likely have affected the jury's determination. See *Puchalski* v. *Mathura,* supra, 82 Conn. App. 276; see also *Taylor* v. *American Thread Co.,* 200 Conn. 108, 111–12, 509 A.2d 512 (1986) (lack of appropriate transcripts precludes finding of error); *DeMilo* v. *West Haven,* 189 Conn. 671, 680–81, 458 A.2d 362 (1983) (lack of transcript of certain testimony precludes review of

claim that trial court improperly failed to set aside verdict); *Rice* v. *Housing Authority*, 129 Conn. App. 614, 619, 20 A.3d 1270 (2011) (court could not determine merits of plaintiff's claim without transcripts of proceedings, there being no way in their absence to examine fully evidence before jury).

Furthermore, the plaintiff has failed to mark the proffered photographs for identification. "[T]he failure to mark an exhibit for identification ordinarily precludes appellate review of its exclusion . . . ." *Cousins* v. *Nelson*, 87 Conn. App. 611, 615 n.2, 866 A.2d 620 (2005). This failure may be excused, however, if there is an adequate substitute for identification. See id. Here, the parties' appendices to their briefs to this court include copies of the same photograph depicting rubber mats on the docks. During trial, however, the plaintiff failed to mark that proffered photograph for identification, and there is no adequate substitute for this failure. Compare *State* v. *Calderon*, 82 Conn. App. 315, 327 n.7, 844 A.2d 866 (2004) (inadequate record where defendant failed to mark as exhibit for identification document included in appendix to her brief), cert. denied, 270 Conn. 905, 853 A.2d 523 (2004), cert. denied, 543 U.S. 982, 125 S. Ct. 487, 160 L. Ed. 2d 361 (2004) with *Finan* v. *Finan*, 287 Conn. 491, 496–97, 949 A.2d 468 (2008) (adequate substitute where unredacted, original exhibit remained part of court file, *and also* was duplicated in appendix to plaintiff's brief), and *Cousins* v. *Nelson*, supra, 615 n.2 (adequate substitute where plaintiff provided offer of proof of article's contents in absence of jury, *and* such article was attached to plaintiff's motion to set aside verdict). Here, neither the colloquy between the court and the parties at the time of the proffer, nor the testimony of King, makes clear exactly which photograph or photographs were proffered.[3] "This

---

[3] First, we note that at the time of the proffer, the court stated: "Well, let's just, for the record, I gather, [counsel for the plaintiff] wants the question on page 37 if the—[King's] deposition to be read, which reads, all right, do

court's role is not to divine the possibilities, but to review the claims and exhibits presented to the trial court." *Daigle* v. *Metropolitan Property & Casualty Ins. Co.*, 257 Conn. 359, 364, 777 A.2d 681 (2001). In the present case, the record is deficient in the absence of the photographs that form the basis of the plaintiff's claim. See id., 365. Therefore, for these reasons, we decline to review the plaintiff's claim.

The judgment is affirmed.

In this opinion the other judges concurred.

you know when you put the—well, this photograph, it looks like it's date stamped on it 9/21/2006. And again, I'm pointing to plaintiff's exhibit one, did you—would you have to reattach it every so often, that rubber mat, because it would fall off." We do not have in the record before us any of the photographs marked for identification from King's deposition testimony. Second, the plaintiff argues that certain *photographs* were improperly precluded. Both parties only include one photograph, however, in the appendices to their briefs, and at trial, the court stated that the defendant's objection was "[s]ustained as to the *photograph*." (Emphasis added.)